IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOW TUCK KWONG, and<br>GRANITO LIMITED, | )<br>)<br>) | CIVIL DIVISION |
| Plaintiffs, | )<br>) | Case No. _____ |
| v. | )<br>) | |
| SUKAMATO SIA,<br>   a.k.a. Sukarman Sukamto,<br>   a.k.a. Ser Fuqiang,<br>   a.k.a. Sia Hock Kian, | )<br>)<br>)<br>)<br>) | |
| Defendants, | )<br>) | |
| v. | )<br>) | |
| PNC Bank, N.A., | )<br>) | |
| Party in Interest Holding Assets<br>Subject to Action. | )<br>) | |

**COMPLAINT TO RECOGNIZE AND ENFORCE
FOREIGN COUNTRY MONEY JUDGMENT PURSUANT TO
<u>PENNSYLVANIA UNIFORM FOREIGN MONEY JUDGMENT RECOGNITION ACT</u>**

Plaintiffs Low Tuck Kwong ("Low") and Granito Limited ("Granito"), by and through undersigned counsel, for their complaint against defendant Sukamato Sia, a.k.a. Sukarman Sukamto, a.k.a. Ser Fuqiang, a.k.a. Sia Hock Kian ("Sia") and PNC Bank, N.A., ("PNC"), a party in interest holding assets that are the subject of this action and the accompanying request to freeze such assets, allege and state:

## Nature of Action

1. This is a case brought in diversity seeking recognition and enforcement of a Singapore money judgment pursuant to Pennsylvania's Uniform Foreign Money Judgment Recognition Act codified at 42 P.S. §§ 22001, *et seq.*, (the "Recognition Act").

## Parties

2. Plaintiff Low is an individual Indonesian national who resides in Singapore and the judgment creditor on the foreign money judgment that is the subject of this action. Low assigned his rights to the foreign money judgment that is the subject of this action to Granito.

3. Plaintiff Granito is a company incorporated in Samoa and the assignee of the judgment debt owed by defendant Sia to plaintiff Low.

4. Defendant Sia is a Singaporean citizen and the judgment debtor on the foreign money judgment that is the subject of this action.

5. PNC is a financial institution located in Pittsburgh, Pennsylvania, in the Western District of Pennsylvania that, on information and belief, holds funds on behalf of defendant Sia that are subject to freeze and execution in satisfaction of the foreign money judgment that is the subject of this action.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332(a)(2) because Low, Granito, and Sia are each citizens or subjects of a foreign state, and PNC is a citizen of the Commonwealth of Pennsylvania, and

because more than $75,000, exclusive of interest and costs, is sought to be recovered by plaintiffs from defendant and PNC's custody.

7. Venue is proper in this district and division because, upon information and belief, PNC is a resident of this district and division.

## Factual Allegations and Claims for Relief

### *The Foreign Judgment*

8. On March 31, 2015, the High Court of the Republic of Singapore issued a final judgment for monetary damages against Sia and in favor of Low in the total amount of $132,318,511 in Singapore dollars (equating to roughly $95,516,100.88 US dollars) (the "Judgment"). Interest is awarded at the rate of "5.32% per annum" on the Judgment. A copy of the Judgment is attached as Exhibit "A". The Judgment is for a sum of money.

9. According to the United States Department of State, the constitution of the Republic of Singapore provides for an independent judiciary, the government generally respects judicial independence, Singaporean law provides all defendants with the right to a fair trial, and independent observers viewed the Singaporean judiciary as generally impartial and independent.

10. The Judgment is final and conclusive:

a) the Republic of Singapore provides impartial tribunals and procedures compatible with the requirements of due process of law;

b) the Singapore courts had personal jurisdiction over Sia;

c) the Singapore courts had subject matter jurisdiction over the matter;

d) Sia defended the action vigorously, voluntarily submitted to jurisdiction of the Singapore courts by, among other things, asserting and litigating counterclaims of his own; and

e) Sia was represented by legal counsel at all stages of the proceedings, including multiple trial court and appellate levels, before the final Judgment was issued.

11. The Judgment is enforceable in Singapore where it was rendered.

12. The Judgment is not repugnant to Pennsylvania public policy, and the findings of the Singapore court demonstrate that, if the action had been brought domestically, Sia would have been found liable for defamation by a domestic court applying the first amendment to the Constitution of the United States and the constitution and law of the Commonwealth of Pennsylvania. Specifically, the Singapore court found, after providing Sia a full opportunity to testify and present evidence, that Sia knowingly made false defamatory statements, made false and contradictory statements in the course of the legal proceedings themselves, and was motivated by express malice.

13. The Judgment meets all the requirements for recognition by this Court under Pennsylvania's Recognition Act.

*The Assets Held by PNC*

14. On information and belief, Sia holds approximately $3,304,831 in a PNC account at account number ███████4957.

15. The funds Sia holds in PNC are the subject of the accompanying motion for temporary restraining order. Plaintiffs do not seek a judgment against PNC, only an order instructing PNC to identify and freeze Sia's funds held in any PNC account.

*Sia's History of Criminality, Fraud, Deception, Contempt of Court Orders, Use of Aliases, and Concealment of Asserts*

16. Sia has a long and well-documented history of deceit, fraud concealment of assets, and contempt, including:

   a) On and before December 12, 1999, Sia knowingly and fraudulently concealed property belonging to the estate in a Bankruptcy Court case from the trustee and creditors and the United States Trustee in violation of 18 U.S.C. § 152(1), a crime for which he was convicted and sentenced to prison.

   b) On and before March 20, 2000, Sia knowingly and fraudulently concealed property belonging to the estate in a Bankruptcy Court case from the trustee and creditors and the United States Trustee in violation of 18 U.S.C. § 152(1), a crime for which he was convicted and sentenced to prison.

   c) On and before January 24, 1997, Sia defrauded the Bank of Honolulu, a bank insured by the F.D.I.C., to obtain money and property by false and fraudulent pretenses in violation of 18 U.S.C. § 1343, a crime for which he was convicted and sentenced to prison.

d) On or abut June 13, 2002, the United States Bankruptcy Court for the District of Hawaii held Sia in contempt of court for violating court orders, failing to disclose records related to his financial condition, and because he had "continually failed to produce documents or to respond to legitimate requests for information, from either the Judgment Creditors or the Bankruptcy Trustee."

e) On or about March 2, 2004, Sia was again held in contempt of court, this time by the United States District Court for the District of Hawaii, for failure to comply with court orders regarding turnover and disclosure of assets.

f) As recently as July 20, 2015, the court in Singapore issued approval for the plaintiff Low's Singapore lawyers to apply for an order of committal for Sia based upon his violation of court orders related to the return of confidential materials to plaintiff Low.

g) Courts have repeatedly noted Sia's pattern of dishonesty and concealment in several filings, as detailed in the affidavit attached to the accompanying motion for temporary restraining order.

17. Sia has used false names and passports, including the alias "Ser Fuqiang." A copy of Sia's passport issued in the alias of Ser Fuqiang is attached as Exhibit "B".

18. Sia has falsely claimed poverty when, on information and belief, he holds or controls substantial assets in accounts throughout the world.

*Enforcement Orders Entered in Other Jurisdictions*

18.     On or about July 31, 2015, the Eastern Caribbean Supreme Court in the High Court of Justice for the British Virgin Islands issued an injunction freezing bank accounts of Sia based upon the identical allegations raised in this action.

19.     On or about July 31, 2015, a court of appropriate jurisdiction in Switzerland issued an order attaching Sia's assets in Switzerland based upon the identical allegations raised in this action.

20.     Other applications are pending in various foreign and domestic jurisdictions where Sia's assets have been identified seeking similar freezes based upon the same allegations.

*Demand for Relief*

21.     Plaintiffs respectfully request that this Court recognize the Judgment pursuant to the Recognition Act, issue an *ex parte* Temporary Restraining Order for the reasons and upon the authorities set forth in more detail in the accompanying motion, brief, and exhibits thereto, convert the restraining order into a permanent injunction, and order PNC to deliver Sia's assets to plaintiffs in partial satisfaction of the Judgment.

        Respectfully submitted,

        THE LAW OFFICES OF
        STEPHEN S. STALLINGS, ESQ.

    By:  /s/ *Stephen S. Stallings*
        Stephen S. Stallings, Esq.
        PA I.D. No. 205131
        attorney@stevestallingslaw.com
        The Osterling Building
        228 Isabella Street
        Pittsburgh, PA 15212
        t: 412-322-7777
        f: 412-322-7773

        *Attorneys for Plaintiffs,*
        *Low Tuck Kwong and*
        *Granito Limited*