This is the exhibit marked "**LTK-8**" referred to in the affidavit of **LOW TUCK KWONG** sworn and subscribed before me by Mr. Low Tuck Kwong who was previously known to me or presented to me adequate identification on 6th August, 2015

Before me

Of Counsel:
BENDET, FIDELL, SAKAI & LEE
ATTORNEYS AT LAW
A LAW CORPORATION

FILED
U.S. BANKRUPTCY COURT

99 MAR 18 PM 2:03

SCOTT I. BATTERMAN  5017-0
1500 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 524-0544

HOWARD M. LOEB
HOWARD M. LOEB P.C.
23586 Calabasas Road, Suite 101
Calabasas, California 91302
Telephone No. (818) 222-7788

STEVEN R. FOX
LAW OFFICES OF STEVEN R. FOX
17835 Ventura Boulevard, Suite 206
Encino, California 91316
Telephone No. (818) 774-3545

Attorneys for Plaintiff
ASPINALL'S CLUB LIMITED

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 98-04912 (Chapter 11) |
| SUKAMTO SIA, fka Sukarman Sukamto, | |
| Debtor. | |
| ASPINALL'S CLUB LIMITED, | Adversary No. 99-0027 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTIONS 523 (a)(2), (a)(4) and (a)(6); EXHIBIT A |
| SUKAMTO SIA, fka SUKARMAN SUKAMTO, | |
| Defendant. | |

I HEREBY CERTIFY THAT A COPY
WAS MAILED TO THE IRS ON:

MAR 18 1999

SB90086 LX.DOC        (CERTIFICATE OF SERVICE ATTACHED)
BY ___



FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. SECTIONS 523 (a)(2), (a)(4) and (a)(6)

COMES NOW Plaintiff ASPINALL'S CLUB LIMITED ("Plaintiff"), by and through and its above-named attorneys, and as and for its Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6), complains of the Defendant as follows:

### JURISDICTION

1.   This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A)(I) and (O); it is a proceeding to determine dischargeability of a particular debt under 11 U.S.C. § 523.   The Defendant/Debtor is SUKAMTO SIA f/k/a/ SUKARMAN SUKAMTO, in In re Sukamto Sia , Case no. 98-04912 (D. Hawaii)(hereinafter "Defendant").   As stipulated by the parties and so ordered by the Court, the Court has fixed March 16, 1999, as the last day for Plaintiff to file a complaint to object to the discharge of the Debtor and to determine dischargeability of debt.

### PARTIES

2.   The Defendant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on or about November 6, 1998.   Defendant was and is the controlling

person in the Bank of Honolulu and numerous companies located in the United States and abroad.

3.    Plaintiff is an English corporation authorized to transact business pursuant to English law and operates a casino which is located in London, England, United Kingdom.  Its gaming operations are highly regulated being supervised pursuant to the Gaming Act 1968 which provides in part that no gaming establishment shall make any loan or otherwise provide any credit or release or discharge of any portion of any debt in respect to any losses incurred by any person in the gaming. Gaming Act 1968, Ch. 65, § 16(1).  Defendant held membership privileges including checking privileges at Plaintiff's Club.

4.    Plaintiff is a creditor of Defendant with claims amounting to U.S. $3,307,397.50, plus interest.

## OPERATIVE FACTS

### The Defendant's Education

5.    The Defendant holds a Bachelor of business administration from Chaminade University in Honolulu, Hawaii and a certificate in business administration from Middlesex Polytech, in England.

### The Defendant's Business Experience and Companies

6.    Following graduation from Chaminade University, Defendant was employed by Lakeside Development Inc. as its company treasurer for five years.  Thereafter he formed a

company known as Indo Pacific Inc. for the purpose of developing properties. The company was later liquidated. During its existence, the Defendant was its president. The Defendant thereafter incorporated Sukamto Holding Corporation ("SHC") in Hawaii and became its sole stockholder and only president. The Defendant still holds 100% of its stock. The Defendant receives financial reports from SHC personnel. SHC transacts some business under its corporate name and also holds interests in other companies and/or subsidiaries. Neither SHC nor its subsidiaries have been profitable in the past two calendar and/or fiscal years.

The Defendant Taps His Financial Resources
During the Years Prior to the Chapter 11 Filing

7.   As set forth in his Schedules and Amended Schedules, the Defendant holds real property interests which all lack equity.

8.   Pre-petition, the Defendant purchased life insurance policies and borrowed approximately $2.7 million against the cash value. The Defendant, as of the filing of his Chapter 11 petition, owed approximately $1.9 million on these loans.

9.   In the years prior to the filing of the Defendant's petition, the Defendant's companies, which held stock interests in other companies, lost value.

10.   In the years prior to the filing of the petition, the Defendant borrowed millions of dollars from and took advances from his companies and their subsidiaries.   These borrowings came during years when, by the Defendant's admission, the companies were not profitable.   In testimony the Defendant did not recall with any specificity what the borrowings and advances were for nor to what uses the monies were put.

11.   The Defendant did not receive a stipend or salary from the various companies for a period of years prior to the filing of his Chapter 11 petition.

12.   The Defendant, during the 1990s made loans totaling in the millions of U.S. dollars to his various companies.   The vast majority of these loans have not been repaid to the Defendant.

13.   The Defendant has testified that he will not be receiving financial support from his wife or her family.   The Defendant has also testified that his plan of reorganization depends upon an improving Asian economy in order to pay a dividend to his creditors.

14.   The Defendant consistently displayed a lack of knowledge concerning the financial condition and the assets and liabilities of the various companies he owns.   The Defendant has testified that he has never reviewed financial information concerning SHC.

15.   The Defendant maintained a personal account at Bank of America in Singapore.   He paid obligations from this account.   The Defendant testified that he reviewed the bank balance listed on the monthly statement when he received it but never ascertained whether the bank's reconciliation and accounting were correct.

16.   The Defendant holds an indirect interest in the Executive Centre, a large office tower in Honolulu, through MKS Executive Partners.   SHC holds the management contract for the building and maintains its corporate offices there.   The building is encumbered by a mortgage in favor of Citibank. In or about 1998, Defendant's company, SHC Realty, Inc. and the partnership which Defendant controls, MKS Executive Partners, stopped making payments to Citibank.   Citibank has commenced a foreclosure action.   The Defendant tried to sell the Executive Centre prior to any foreclosure.   The building lacks equity. The property was purchased by the Defendant and/or his companies in 1987 for just under $50,000,000.00 and has a fair market value substantially less than $50,000,000.00.

17.   In 1996 or 1997, the Defendant either borrowed monies or guaranteed a loan from Bira Bank, an Indonesian bank controlled by the Defendant's father-in-law.

18.   The Defendant testified when he received any collection letter from a casino, he would throw the letter out.

19.   The   Defendant's   wife   and   children   live   in Singapore.   When the Defendant has been in Singapore, and for a period of years, the Defendant has not lived with his spouse and children and has instead stayed with a friend.   The Defendant has testified that he cannot obtain financial support from his wife and/or her wealthy father.

Defendant's Gambling at Aspinall's in May 1998

20.   The   Defendant,   on   or   about   May   27,   1998, presented a check in the amount of U.S. $2,687,260.00 and drawn on an account maintained at the Raffles branch in Singapore of the   Bank   of   America.    Thereafter,   on   or   about   May   29,   1998, Defendant   presented   a   further   check   drawn   on   an   account Defendant maintained at a Singapore branch of the Citibank in the   sum   of   U.K.   Pounds   Sterling   £375,000.00,   which   at   the prevailing exchange rate at the time of 1.6537 U.S. dollars per U.K.   Pounds   Sterling   amounted   to   U.S.   $620,137.50.    Copies   of the Citibank and Bank of America checks are attached hereto, marked   Exhibit   "A,"   and   incorporated   herein   by   reference   as though set forth in full herein.

21.   Thereafter Plaintiff   presented   Defendants'   Bank of America and Citibank checks; but Bank of America and Citibank refused to honor either of the checks.

22.   At   all   times   relevant   to   this   complaint, Defendant   presented   checks   at   one   or   more   other   gambling

establishments and the checks were drawn on the same account at the Bank of America, Singapore as the $2,687,260.00 check alleged in paragraph 20, above.

FIRST CLAIM FOR RELIEF:<br>
<u>NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A)</u>

23.  Plaintiff realleges paragraphs 1 through 22 as though fully set forth herein.

24.  Plaintiff entered into an agreement with Defendant under which Plaintiff allowed Defendant to patronize Plaintiff's club, to gamble there and to utilize Plaintiff's checking privileges.  In exchange for the gambling and check writing privileges to enable the Defendant to take part in the gaming, it was agreed between the parties that presentation of any check by Defendant would be a representation that the Defendant's bank account had sufficient monies to cover the amount of the check being presented by Defendant to Plaintiff.  There was a pattern of conduct between the parties under which Defendant, when he owed monies to Plaintiff, would present a check to Plaintiff and the check would be honored by Defendant's bank.

25.  When Defendant presented his Bank of America check on May 27, 1998 and when he presented his Citibank check on May 29, 1998, Defendant's representations on each occasion to Plaintiff that each of those checks was good was in fact false.

The true facts were that Defendant's accounts on which the checks were drawn lacked funds to cover the check, that Defendant knew that each check was backed by insufficient funds and that Defendant knew or intended that he would not honor either check himself. In addition, the Defendant, at about the same time, had suffered other gambling losses and his business were in poor health such that Defendant knew that the bank accounts on which each check was drawn did not have sufficient funds to make either check to Plaintiff good.

26. Defendant's representations were intended to induce Plaintiff to allow Defendant to patronize Plaintiff's establishment and to gamble there. Defendant's representations were also intended to induce Plaintiff to accept checks Defendant knew, but Plaintiff did not know, was backed by insufficient funds.

27. Defendant incurred gambling losses at Plaintiff's establishment on or about May 27, 1998 and again on or about May 29, 1998. As a result of Defendant's representations, Plaintiff had been induced to and did accept checks backed by insufficient funds.

28. Plaintiff has made demand on Defendant to make his checks good but Defendant has refused to do so.

29. Plaintiff has been damaged by the loss of monies in the amount of U.S. $3,307,397.50, plus interest.

30.   Based on the foregoing, Plaintiff requests an order declaring the above-referenced $3,307,397.50 debt nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

SECOND CLAIM FOR RELIEF:
NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(B)

31.   Plaintiff realleges paragraphs 1 through 22 as though fully set forth herein.

32. Plaintiff entered into an agreement with Defendant under which Plaintiff allowed Defendant to patronize Plaintiff's club, to gamble there and to utilize Plaintiff's checking privileges.   In exchange for the gambling and check writing privileges to enable Defendant to take part in the gaming, it was agreed between the parties that presentation of any check by Defendant would be a representation that the Defendant's bank account had sufficient monies to cover the amount of each check being presented by Defendant to Plaintiff.

33.   Defendant, by presenting the checks alleged above represented that each check would be honored when presented by Plaintiff to Defendant's banks.

34.   Defendant knew at the time that he presented each of the checks that each check was backed by insufficient funds and that his representation was in fact materially false.   The representations concerned the Defendant's financial condition.

35.  Plaintiff  justifiably  relied  on  Defendant's representations.

36.  Defendant  made  the  representations  with  the intention of deceiving Plaintiff.

37.  Plaintiff  sustained  the  losses  and  damages referenced  hereinabove  as  the  proximate  result  of  those misrepresentations.

38.  In  addition,  Defendant  knew  that  each  check  was backed  by  insufficient  funds  and  that  Defendant  knew  or  intended that he would not honor either check himself.

39.  Plaintiff  has  been  damaged  in  the  amount  of  not less than U.S. $3,307,397.50, plus interest.

40.  Based  upon  the  foregoing,  Plaintiff  requests  an order  declaring  the  above-referenced  debt  nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

### THIRD CLAIM FOR RELIEF:
### NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

41.  Plaintiff  realleges  and  incorporate  by  reference paragraphs 1 through 22 as though set forth in full herein.

42.  Plaintiff  entered  into  an  agreement  with Defendant  under  which  Plaintiff  allowed  Defendant  to  patronize Plaintiff's  club,  to  gamble  there  and  to  utilize  Plaintiff's checking  privileges.   In  exchange  for  the  gambling  and  check writing  privileges  to  enable  the  Defendant  to  take  part  in  the

gaming, it was agreed between the parties that presentation of any check by Defendant would be a representation that the Defendant's bank account had sufficient monies to cover the amount of the check being presented by Defendant to Plaintiff.

43. As set forth above, Defendant represented that the Bank of America check he presented to Plaintiff on or about May 27, 1998, was backed by sufficient funds. Further, as alleged above, Defendant represented that the Citibank check he presented to Plaintiff on or about May 29, 1998, was backed by sufficient funds.  In fact, each of Defendant's representations was false.  At the time Defendant presented the May 27th check to Plaintiff, Defendant had presented checks drawn on the same bank account to one or more gaming establishments and/or casinos.  Defendant also knew that all of his companies and/or subsidiaries had not been profitable for a period of time and that he was owed monies by some of his companies and subsidiaries.  Defendant also knew that he lacked financial resources necessary to make either the Bank of America check or the Citibank check good.   Notwithstanding this knowledge, Defendant patronized Plaintiff's place of business on or about May 27, 1998, gambled and lost the sum of U.S. $2,687,260.00 which was all due and payable to Plaintiff.  Likewise, despite this knowledge, Defendant patronized Plaintiff's place of business once again on or about May 29, 1998, gambled and lost

the sum of U.K. Pounds Sterling £375,000.00, which at the prevailing exchange rate at the time of 1.6537 U.S. dollars per U.K. Pounds Sterling amounted to U.S. $620,137.50, which was all due and payable to Plaintiff. Defendant presented the Bank of America check and the Citibank check referenced hereinabove with the knowledge that each check was a bad check. Defendant's actions were voluntary in that he was not compelled to present checks and he was not compelled to gamble. Defendant's action was intentional and deliberate. Defendant's actions were reckless considering his companies' and his financial condition.

44. Defendant intended that his actions, the presentation of the bad checks and the gambling, occur. Defendant intended the consequences of his action, the presentment of the bad checks, the gambling, and the subsequent dishonor of the checks.

45. As set forth hereinabove, Defendant's actions caused injury to Plaintiff.

46. Based upon the foregoing, Plaintiff requests that the Court enter an order declaring the above-referenced debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff prays that the Court:

A. Grant Plaintiff a money judgment in the amount of U.S. $3,307,397.50, plus interest;

B.   Order that Defendant's indebtedness to Plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), and § 523(a)(6).

C.   Grant attorneys fees incurred in this action according to proof; and

D.   Grant judgment for such other and further relief as the Court deems just and proper.

Dated: Honolulu, Hawaii; March 18, 1999.

HOWARD M. LOEB
STEVEN R .FOX
SCOTT I. BATTERMAN
Attorneys for Plaintiff
ASPINALL'S CLUB LIMITED



Exhibit"A"

EXHIBIT A

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly mailed, postage prepaid to the following at their last known addresses on March 18, 1999:

    MR. SUKAMTO SIA
    1088 Bishop St., PH
    Honolulu, Hawaii  96813
    DEBTOR


    JERROLD K. GUBEN, ESQ.
    Reinwald O'Connor and Playdon
    Makai Tower, 24th Floor
    733 Bishop Street
    Honolulu, Hawaii  96813
    ATTORNEY FOR DEBTOR

SCOTT I. BATTERMAN
Attorneys for Plaintiff
ASPINALL'S CLUB LIMITED

Of Counsel:
BENDET, FIDELL, SAKAI & LEE
A LAW CORPORATION

SCOTT I. BATTERMAN 5017-0
1500 Davies Pacific Center
841 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone No: (808) 524-0544

HOWARD M. LOEB
LOEB KOSACZ & SUNDBERG, LLP
2801 Townsgate Road, Suite 209
Westlake Village, California 91361
Telephone: (805) 777-7240

STEVEN R. FOX
LAW OFFICES OF STEVEN R. FOX
17835 Ventura Boulevard, Suite 206
Encino, California 91316
Telephone: (818) 774-3545

Attorneys for Plaintiffs



FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

01 JAN -5 AM 11:23



ENTERED ON DOCKET
JAN -5 2001

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SUKAMTO SIA, etc.,<br><br>      Debtor. | Case No. 98-04912<br>(Chapter 7) |
| ASPINALL'S CLUB, LIMITED,<br><br>         Plaintiff,<br><br>vs.<br><br>SUKAMTO SIA, etc.,<br><br>      Defendant. | Adversary No. 99-0027 and<br>Adversary No. 99-0028<br>(Consolidated)<br><br>STIPULATED JUDGMENT IN ADVERSARY NO. 99-0027<br><br>DATE:     August 28, 2000<br>TIME:     9:30 A.M.<br>JUDGE:  HON. LLOYD KING |
| LONDON CLUBS INTERNATIONAL, PLC,<br><br>         Plaintiff,<br><br>vs.<br><br>SUKAMTO SIA, etc.,<br><br>      Defendant. | |

ACL Rev Stip Jud 2.doc

58

## STIPULATED JUDGMENT IN ADVERSARY NO. 99-0027

Pursuant to the stipulation in open Court between the parties on August 28, 2000, that (a) as to the cause of action under 11 U.S.C. § 523(a)(2)(A) set forth in the Complaint, all of the factual elements required have been demonstrated in Plaintiff Aspinall's Club Limited's Motion For Entry Of Judgment By Default In Adversary No. 99-0027 filed on July 27, 2000, by the Declarations and Exhibits submitted in support of the Motion and by the factual allegations in the Complaint which have been deemed to be true by the Court's striking of the answer, and by Plaintiffs' Request for Admissions which have been deemed admitted, and the legal elements required pursuant to 11 U.S.C. § 523(a)(2)(A) and applicable case law have been met; and (b) as to the cause of action under 11 U.S.C. § 523(a)(6) set forth in the Complaint, all of the factual elements required have been demonstrated in the Motion for Entry of Judgment by Default, by the Declarations and Exhibits submitted in support of the Motion and by the factual allegations in the Complaint which have been deemed to be true by the Court's striking of the answer, and by Plaintiffs' Request for Admissions which have been deemed admitted; and the legal elements required pursuant to 11 U.S.C. § 523(a)(6) and applicable case law have been met;

IT IS HEREBY STIPULATED AND AGREED that Plaintiff ASPINALL'S CLUB, LIMITED shall have judgment against Defendant SUKAMTO SIA, formerly known as Sukarman Sukamto, pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) in the principal amount of $3,307,397.50, together with prejudgment interest of $553,694.58 through August 28, 2000, per diem interest of $724.91 from August 28, 2000 until the entry of judgment, and further interest thereon from and after the date of this Judgment as provided by law at the current legal rate, along with $20,000 of attorneys' fees previously awarded and costs to be determined following

ACL Rev Stip Jud 2.doc

the filing of a Bill of Costs, and that Plaintiff have execution therefor; and that the amounts awarded to Plaintiff ASPINALL'S CLUB, LIMITED are hereby declared to be nondischargeable in bankruptcy.

Dated: Honolulu, Hawaii, _____

SCOTT I. BATTERMAN
HOWARD M. LOEB
STEVEN R. FOX
Attorneys for Plaintiff

JOHN FRANCIS PERKIN
BRANDEE J. FARIA
Attorneys for Defendant

APPROVED AND SO ORDERED:

JAN 0 5 2001

LLOYD KING
United States Bankruptcy Judge

Adversary Nos. 99-0027 and 99-0028(Consolidated)
ASPINALL'S CLUB, LIMITED vs. SUKAMTO SIA, fka Sukarman Sumamto; LONDON CLUBS INTERNATIONAL, plc, vs. SUKAMTO SIA, fka Sukarman Sumamto
STIPULATED JUDGMENT IN ADVERSARY No. 99-0027

ACL Rev Stip Jud 2.doc

- 3 -

SCOTT I. BATTERMAN, Esq.
1500 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HI 96813

HOWARD M. LOEB, Esq.
2801 TOWNSGATE ROAD, SUITE 209
ENCINO, CA 91316

*city/zip code incorrect - forwarded to current address 1/18/01 (see attached)*

STEVEN R. FOX, Esq.
17835 VENTURA BLVD., SUITE 206
ENCINO, CA 91316

JOHN FRANCIS PERKIN, Esq.
LYLE S. HOSODA, Esq.
DAVID C. TANABE, Esq.
SUITE 2440, MAUKA TOWER
737 BISHOP STREET
HONOLULU, HI 96813

**CERTIFICATION OF SERVICE**
I HEREBY CERTIFY THAT THE ATTACHED
ORDER/JUDGMENT WAS MAILED ON
_____ 1/5/01 _____, TO THE ABOVE
NAMED PARTIES IN INTEREST.

_____
**DEPUTY CLERK**

*forwarded to the corrected city/zip code*

**TED STATES BANKRUPTCY COURT**
DISTRICT OF HAWAII
1132 BISHOP STREET, SUITE 250-L
HONOLULU, HAWAII 96813

HOWARD M. LOEB, Esq.
2801 TOWNSGATE ROAD, SUITE 209
WESTLAKE, CA 91361

CERTIFICATION OF SERVICE
I HEREBY CERTIFY THAT THE ATTACHED
ORDER/JUDGMENT WAS MAILED ON
_____1/18/01_____, TO THE ABOVE
NAMED PARTIES IN INTEREST.

DEPUTY CLERK

Of Counsel:
BENDET, FIDELL, SAKAI & LEE
A LAW CORPORATION

SCOTT I. BATTERMAN 5017-0
1500 Davies Pacific Center
841 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone No: (808) 524-0544

HOWARD M. LOEB
LOEB KOSACZ & SUNDBERG, LLP
2801 Townsgate Road, Suite 209
Westlake Village, California 91361
Telephone: (805) 777-7240

STEVEN R. FOX
LAW OFFICES OF STEVEN R. FOX
17835 Ventura Boulevard, Suite 206
Encino, California 91316
Telephone: (818) 774-3545

Attorneys for Plaintiffs





UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 98-04912 |
| SUKAMTO SIA, etc. | (Chapter 7) |
| Debtor. | |
| ASPINALL'S CLUB, LIMITED, | Adversary No. 99-0027 and |
| Plaintiff, | Adversary No. 99-0028 |
| | (Consolidated) |
| vs. | |
| SUKAMTO SIA, etc., | STIPULATED JUDGMENT IN ADVERSARY NO. 99-0028 |
| Defendant. | |
| LONDON CLUBS INTERNATIONAL, PLC, | DATE:        August 28, 2000 |
| Plaintiff, | TIME:        9:30 A.M. |
| vs. | JUDGE:      HON. LLOYD KING |
| SUKAMTO SIA, etc., | |
| Defendant. | |

LCI Rev Stip Jud 2.doc

59

STIPULATED JUDGMENT IN ADVERSARY NO. 99-0028

Pursuant to the stipulation in open Court between the parties on August 28, 2000,

that (a) as to the cause of action under 11 U.S.C. § 523(a)(2)(A) set forth in the Complaint, all of

the factual elements required have been demonstrated in Plaintiff London Clubs International,

plc's Motion For Entry Of Judgment By Default In Adversary No. 99-0028 filed on July 27,

2000, by the Declarations and Exhibits submitted in support of the Motion and by the factual

allegations in the Complaint which have been deemed to be true by the Court's striking of the

answer, and by Plaintiffs' Request for Admissions which have been deemed admitted, and the

legal elements required pursuant to 11 U.S.C. § 523(a)(2)(A) and applicable case law have been

met; and (b) as to the cause of action under 11 U.S.C. § 523(a)(6) set forth in the Complaint, all

of the factual elements required have been demonstrated in the Motion for Entry of Judgment by

Default, by the Declarations and Exhibits submitted in support of the Motion and by the factual

allegations in the Complaint which have been deemed to be true by the Court's striking of the

answer, and by Plaintiffs' Request for Admissions which have been deemed admitted; and the

legal elements required pursuant to 11 U.S.C. § 523(a)(6) and applicable case law have been met;

IT IS HEREBY STIPULATED AND AGREED that Plaintiff LONDON CLUBS

INTERNATIONAL, PLC shall have judgment against Defendant SUKAMTO SIA, formerly known as

Sukarman Sukamto, pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) in the principal amount of

$2,135,250.00, together with prejudgment interest of $357,084.00 through August 28, 2000, per

diem interest of $468.00 from August 28, 2000 until the entry of judgment, and further interest

thereon from and after the date of this Judgment as provided by law at the current legal rate,

along with $20,000 of attorneys' fees previously awarded and costs to be determined following

LCI Rev Stip Jud 2.doc

the filing of a Bill of Costs, and that Plaintiff have execution therefor; and that the amounts awarded to Plaintiff LONDON CLUBS INTERNATIONAL, PLC are hereby declared to be nondischargeable in bankruptcy.

Dated: Honolulu, Hawaii, _____

SCOTT I. BATTERMAN
HOWARD M. LOEB
STEVEN R. FOX
Attorneys for Plaintiff

JOHN F. PERKIN
BRANDEE J. FARIA
Attorneys for Defendant

APPROVED AND SO ORDERED:

JAN 0 5 2001

LLOYD KING
United States Bankruptcy Judge

Adversary Nos. 99-0027 and 99-0028(Consolidated)
ASPINALL'S CLUB, LIMITED VS. SUKAMTO SIA, fka Sukarman Sumamto; LONDON CLUBS
INTERNATIONAL, plc, VS. SUKAMTO SIA, fka Sukarman Sumamto
STIPULATED JUDGMENT IN ADVERSARY NO. 99-0028

LCI Rev Stip Jud 2.doc                              - 2 -

SCOTT I. BATTERMAN, Esq.
1500 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HI 96813

HOWARD M. LOEB, Esq.
2801 TOWNSGATE ROAD, SUITE 209
ENCINO, CA 91316

*City/zip code incorrect*
*- Forwarded to current address*
*1/18/01*
*(See attached)*

STEVEN R. FOX, Esq.
17835 VENTURA BLVD., SUITE 206
ENCINO, CA 91316

JOHN FRANCIS PERKIN, Esq.
LYLE S. HOSODA, Esq.
DAVID C. TANABE, Esq.
SUITE 2440, MAUKA TOWER
737 BISHOP STREET
HONOLULU, HI 96813

**CERTIFICATION OF SERVICE**
I HEREBY CERTIFY THAT THE ATTACHED
ORDER/JUDGMENT WAS MAILED ON
_____1/5/01_____, TO THE ABOVE
NAMED PARTIES IN INTEREST.

_Joni Zakano_
**DEPUTY CLERK**

TED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
1132 BISHOP STREET, SUITE 250-L
HONOLULU, HAWAII 96813

*Forwarded to the city/zip code corrected*

HOWARD M. LOEB, Esq.
2801 TOWNSGATE ROAD, SUITE 209
WESTLAKE, CA 91361

CERTIFICATION OF SERVICE
I HEREBY CERTIFY THAT THE ATTACHED
ORDER/JUDGMENT WAS MAILED ON
_____1/18/01_____, TO THE ABOVE
NAMED PARTIES IN INTEREST.

_____
DEPUTY CLERK