This is the exhibit marked "**LTK-24**" referred to in the affidavit of **LOW TUCK KWONG** sworn and subscribed before me by Mr. Low Tuck Kwong who was previously known to me or presented to me adequate identification on 6th August, 2015

Before me

FAMV No. 38 of 2009

# IN THE COURT OF FINAL APPEAL OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION

## MISCELLANEOUS PROCEEDINGS NO. 38 OF 2009 (CIVIL)
(ON APPLICATION FOR LEAVE TO APPEAL
FROM CACV NO. 180 OF 2008)

Between:

| | |
|---|---|
| **DYNASTY LINE LIMITED** (Provisional Liquidators Appointed) | Plaintiff (Applicant) |
| - and - | |
| **SUKAMTO SIA (also known as SUKAMTO SUKARMAN)** | 1st Defendant |
| **LEE HOWE YONG** | 2nd Defendant (Respondent) |

FAMV No. 39 of 2009

# IN THE COURT OF FINAL APPEAL OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION

## MISCELLANEOUS PROCEEDINGS NO. 39 OF 2009 (CIVIL)
(ON APPLICATION FOR LEAVE TO APPEAL
FROM CACV NO. 184 OF 2008)

Between:

| | |
|---|---|
| **DYNASTY LINE LIMITED** (Provisional Liquidators Appointed) | Plaintiff (Applicant) |
| - and - | |
| **SUKAMTO SIA (also known as SUKAMTO SUKARMAN)** | 1st Defendant (Respondent) |
| **LEE HOWE YONG** | 2nd Defendant |

| | |
|---|---|
| Appeal Committee: | Chief Justice Li, Mr Justice Bokhary PJ and Mr Justice Ribeiro PJ |
| Date of Hearing: | 14 September 2009 |
| Date of Determination: | 14 September 2009 |

## DETERMINATION

**Mr Justice Ribeiro PJ:**

1. Seven creditors obtained judgment against the plaintiff in April 2001 for the unpaid balance of the price of shares sold by them to the plaintiff. The plaintiff was wound up and provisional liquidators appointed on the strength of that judgment. The plaintiff has now brought proceedings against the two defendants who were at the material time the controlling shareholders and directors of that company, alleging that by causing the plaintiff to pledge away the partly paid-for shares as security for the borrowings of third parties – which security was later enforced, depriving the plaintiff of the shares – they had breached their fiduciary duties to the plaintiff.

2. Neither defendant resides or has any business or assets in Hong Kong. The 2nd defendant was served under Order 11 on the basis that the case was founded on a tort of conspiracy and that damage was sustained in Hong Kong; and alternatively, that it was a claim brought against the 2nd defendant as constructive trustee on the basis of acts committed within Hong Kong. The 1st defendant was served personally at the Airport just before his departure after a short visit here.

3. The plaintiff contends that the Court of Appeal [1] erred in overturning Deputy High Court Judge Carlson[2] and holding that the proceedings should be stayed on the ground that Hong Kong is not the appropriate forum.

4. In reaching that conclusion, the Court of Appeal correctly noted the different approaches applicable to the respective defendants. Since the 2nd defendant had to be served under Order 11, it was incumbent on the plaintiff to satisfy the court that the court's discretion should be favourably exercised by establishing, among other things, that Hong Kong was clearly the appropriate forum, that is, the forum with which the action has the most real and substantial connection and where the action can most suitably be tried in the interests of all parties and for the ends of justice. The Court of Appeal concluded that the Judge had taken irrelevant considerations into account and, substituting its own discretion, it held that the plaintiff had fallen short of discharging that burden.

5. Since the 1st defendant had been personally served, the plaintiff was suing here as of right and the 1st defendant had to show that the proceedings should be stayed on the ground that Hong Kong is not the appropriate forum and that some other more appropriate forum exists. The Court of Appeal noted that the 1st defendant's connection with Hong Kong was "fragile" as he had been served on a fleeting visit without having any business presence or assets here. It held that for much the same reasons as those applicable to the 2nd defendant, the 1st defendant had succeeded in discharging his burden in favour of a stay of the proceedings.

6. Mr Scott SC, for the applicant, acknowledges that the grounds put forward do not disclose any questions of great general or public importance. He is inviting the Court to review the Court of Appeal's exercise of discretion on

---

[1] Cheung and Yuen JJA and Burrell J [2009] 4 HKLRD 454.
[2] HCA 2057/2007, 13 June 2008.

the "or otherwise ground", contending that refusal of leave would cause grievous injustice to his client. The ground which was relied on is that great injustice would be suffered by the plaintiff if the proceedings were stayed in favour of Singapore because whereas here, the court has assumed jurisdiction to wind up the plaintiff and to appoint provisional liquidators, it is highly unlikely that a similar jurisdiction would be assumed by the Singapore courts since the plaintiff has no assets in that jurisdiction.

7.  We do not consider that a ground of substance. The plaintiff, a BVI company which is not registered in and has no place of business in Hong Kong, equally has no assets in Hong Kong except for the alleged claims against the defendants. If, as the defendants contend and the Court of Appeal has accepted, jurisdiction has not properly been established here in respect of such claims, then the juridical advantage of being in Hong Kong is quite illusory.

8.  In our view, the Court of Appeal has identified an ample basis for its reversal of the Judge's decision and no basis has been made out for the interlocutory and discretionary issues so determined to be re-visited on an appeal to the Court. The application must accordingly be dismissed.

9.  The costs of this application for leave and the costs of the application before Mr Justice Bokhary be paid by the plaintiff to the defendants.

|  |  |  |
|---|---|---|
| (Andrew Li) | (Kemal Bokhary) | (R A V Ribeiro) |
| Chief Justice | Permanent Judge | Permanent Judge |

Mr John Scott SC and Mr CW Ling (instructed by Messrs Hwang & Co) for the applicant

Mr Anderson Chow SC (instructed by Messrs Deacons) for the respondent (FAMV No. 38 of 2009)

Mr Jose-Antonio Maurellet (instructed by Messrs Tanner De Witt) for the respondent (FAMV No. 39 of 2009)